507 F.2d 940
 Phoebe Wilson DILLON, Plaintiff-Appellant,
v.
ANTLER LAND COMPANY OF WYOLA, a Montana Corp., et al.,
Defendants-Appellees.
ANTLER LAND COMPANY OF WYOLA, a Montana Corp., et al.,
Defendants-Cross-Appellants,
v.
Phoebe Wilson DILLON, Plaintiff-Cross-Appellee.
 Nos. 72-2176, 72-2205.
 United States Court of Appeals, Ninth Circuit.
 Nov. 6, 1974.
 
 1
 Cale Crowley (argued), of Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., Glen R. Goodsell, Atty. (argued), Land and Natural Resources Div., Dept. of Justice, Washington, D.C., for defendants-appellees.
 
 
 2
 Before CHAMBERS and KOELSCH, Circuit Judges, and McGOVERN,* District Judge.
 
 McGOVERN, District Judge:
 
 3
 In dispute here is title to 1,040 acres of grazing land on the Crow Indian Reservation in the State of Montana. Appellant Phoebe Wilson Dillon, then a minor Crow Indian, was awarded this land by trust patents in 1923 and 1924. Her father managed the land until she became of age. Not long after Appellant received her allotments, the land was leased to Matt Tschirgi, who later incorporated under the name of Antler Land Company. In 1949, Mrs. Dillon, at age 34, applied for and received competency status and undertook her own lease negotiations. She immediately increased her income from 14.32 cents per acre to 50 cents per acre.
 
 
 4
 On February 25, 1955, Mrs. Dillon applied for a fee patent. The application stated that the purpose was to enable her to sell the land. So far as the record shows, the only false statement made in the application for patent was that no person had asked Appellant to apply for patent in fee. This false representation was allegedly made because Tschirgi advised Appellant that the patent in fee would not be issued if he were shown to be involved.
 
 
 5
 On May 21, 1955, Appellant agreed in writing to sell the land to Antler Land Company for $7,280 if and when she received the patent in fee, although such a contract for the sale of trust land is specifically prohibited by 25 U.S.C. 348. The fee patent application was approved by the Bureau of Indian Affairs on October 3, 1955, and a fee patent dated September 19, 1955, for the 1,040 acres was delivered to Appellant. On October 6, 1955, Appellant executed and delivered a warranty deed to Antler Land Company, and received $3,711.00 in cash. The balance of the $7,280 purchase price was accounted for by the items of advances mentioned in the May 21, 1955 contract, including a deduction for prepaid lease rentals. 25 U.S.C. 349 mandates that patent in fee land shall not be liable to the satisfaction of any debt contracted prior to the issuing of such patent. The patent in fee and deed were recorded on October 14, 1955.
 
 
 6
 Additional facts disclosed at the trial indicate that Tschirgi assured Appellant on May 21, 1955 that if the Bureau of Indian Affairs appraised her land at more than $7 per acre, he would pay her the dollar difference. On August 23, 1955, the land was appraised at $10 per acre, but Tschirgi refused to pay her the $3 difference per acre.
 
 
 7
 On the date of the conveyance, Antler Land Company was the owner of more than 1,920 acres of grazing land within the Crow Reservation and all the successors in interest of Antler Land Company (except Trustee Murtha) were likewise owners of more than 1,920 acres of reservation land at the time they acquired interest in the subject land.
 
 
 8
 On July 20, 1970, approximately fifteen years after the conveyance, Mrs. Dillon filed a complaint in United States District Court for the District of Montana against the Antler Land Company, the Little Horn Land and Livestock Company, the Union Bank and Trust Company as Executor of the Estate of Bertha Tschirgi, Rex Hibbs as Executor of the Estate of F. M. Tschirgi, Francis J. Murtha as trustee for Trustees of Central States, the Southeast and Southwest Areas Pension Fund, and the United States of America.
 
 
 9
 The complaint states two claims for relief. First, Mrs. Dillon seeks a decree adjudging the contract of May 21, 1955, and the deed of October 6, 1955, null and void, and quieting title to the land in herself or in the United States as her turstee and to recover rents and profits. In support of her first claim, three theories are urged: (1) Fraud that vitiates the patent in fee from the United States to Appellant and the deed from her to Antler Land Company; (2) That while the land was in trust status, Appellant executed a contract to convey it in contravention of 25 U.S.C. 348; and (3) That Antler Land Company on the date of delivery owned lands in excess of the acreage limitations contained in Section 2 of the Crow Indian Allotment Act of 1920, 41 Stat. 751. Motions for Summary Judgment were directed to the first claim.
 
 
 10
 In her second claim, Mrs. Dillon seeks to recover $33,000.00, the alleged current fair market value of the land, in damages, under the Federal Tort Claims Act, 28 U.S.C. 1346(b), alleging that agents of the United States, by refusing to take action in her behalf with respect to the 1,040 acres, breached the duties enjoined on them by 25 U.S.C. 185. Pursuant to Rule 12(b) F.R.Civ.P., the District Court considered the answer of the United States as a Motion for Summary Judgment.
 
 
 11
 The District Court held that the October 6, 1955 deed was voidable on the first and second theories advanced, and also void under Section 2 of the Crow Act of 1920 as applied to the purchaser. It further held, however, that the rights which Appellant had to avoid her deed on the grounds of fraud and because of the violation of 25 U.S.C. 348, and the right, if she had any right to avoid the deed by reason of the violation of Section 2 of the Crow Act of 1920, were all barred by the Montana Statutes of Limitation, and that in the instant circumstances, Appellees have acquired title by adverse possession as against Appellant. Finally, the Court ruled that Appellant's second claim must also fail because there is no duty imposed by 25 U.S.C. 185 upon the United States to litigate the cases arising out of the dealing of emancipated Indians with fee lands, and, because in any event, the duty to sue could never be anything but a discretionary duty to which the Federal Tort Claims Act does not apply.
 
 
 12
 Appellant Dillon presents three assignments of error: (1) The holding of the District Court that the Montana Statutes of Limitation operate herein to bar any recovery by her; (2) The granting by the District Court of Summary Judgment in favor of the United States on Appellant's second claim, sua sponte, without notice to Appellant and without a reasonable opportunity to present material pertinent thereto as required by Rule 12(b); and (3) The conclusion of the District Court that any duty to sue imposed on the United States by 25 U.S.C. 185 could never be anything but discretionary and therefore outside the purview of the Federal Tort Claims Act.
 
 
 13
 Appellees assign as error the holding that the subject deed of October 6, 1955, was void under Section 2 of the Crow Act of 1920.
 
 
 14
 This appeal raises troublesome questions, but that Montana Law governs with respect to Appellant's property rights herein is not one of them. 25 U.S.C. 349 relied on by the District Court in holding that Appellant's first claim is barred by the Montana Statutes of Limitation[1] could scarcely be more explicit in this respect. It provides:
 
 
 15
 'At the expiration of the trust period and when the lands have been conveyed to the Indians by patent in fee, as provided in section 348 of this title, then each and every allottee shall have the benefit of and be subject to the laws, both civil and criminal, of the State or Territory in which they may reside; and no Territory shall pass or enforce any law denying any such Indian within its jurisdiction the equal protection of the law: Provided, That the Secretary of the Interior may, in his discretion, and he is authorized, whenever he shall be satisfied that any Indian allottee is competent and capable of managing his or her affairs at any time to cause to be issued to such allottee a patent in fee simple, and thereafter all restrictions as to sale, incumbrance, or taxation of said land shall be removed and said land shall not be liable to the satisfaction of any debt contracted prior to the issuing of such patent: Provided further, That until the issuance of feesimple patents all allottees to whom trust patents shall be issued shall be subject to the exclusive jurisdiction of the United States: . . ..'
 
 
 16
 Appellant's argument and authorities on this issue consistently represent the natural concern of Congress and the courts to protect Indians in the possession, enjoyment and authorized conveyance of restricted lands but the acreage here involved falls outside that category. It is the subject of a patent in fee, the effect of which was to remove restrictions on its alienation and provide that the allottee should have the benefit of and be subject to the laws of the State of Montana. Appellant's contention that Section 349 is to be read to mean that only lands conveyed after the expiration of the trust period are expressly subject to state law is without merit.
 
 
 17
 In the trial court and here, Mrs. Dillon makes a strong attack on the validity of her deed to Antler Land Company. That argument also misses the point. The judgment which we affirm was not that Appellant's case against her deed lacked merit, but rather, that it is barred for lack of prosecution.
 
 
 18
 In her second claimed assignment of error, Appellant points out that the Defendant United States answered the Complaint, inter alia, in the language of Rule 12(b)(6). Defendants other than the United States, in a Separate Answer and a second Separate Answer and Cross-Complaint, denied Plaintiff Dillon's claims for relief against the United States or anyone else, denied that the Federal Tort Claims Act encompassed the claim for relief alleged, and moved for dismissal. The District Court treated the Motion to Dismiss the second claim as a Motion for Summary Judgment, and thereupon granted the Motion. This the Appellant assigns as error, charging that the action of the District Court deprived Appellant of notice and an opportunity to be heard with respect to its second claim, as provided for in the last sentence of Rule 12(b).
 
 
 19
 Appellant's second claim alleged a duty on the part of the United States to assert her first claim on her behalf. Her contention that she has been deprived of the opportunity to argue the question of the Government's obligation to bring this action is contradicted by the record of the proceedings below. The issue was clearly before the District Court. In her original Memorandum and her Supplemental Citations of Authority to the trial court, Appellant developed at length her contentions with respect to federal jurisdiction, the responsibility of the United States to its Indian wards, and her exemption from state statutes when bringing an action which the United States as trustee allegedly had an 'absolute duty' to bring under 25 U.S.C. 185. The District Court's disposition of Appellant's second claim by way of Summary Judgment was made in spite of those contentions and was neither prejudicial nor erroneous.
 
 
 20
 Appellant's third assignment of error attacks the trial court ruling by summary judgment against her second claim on the grounds that 25 U.S.C. 185, which provides:
 
 
 21
 'Whenever any Indian, being a member of any band or tribe with whom the Government has or shall have entered into treaty stipulations, being desirous to adopt the habits of civilized life, has had a portion of the lands belonging to his tribe allotted to him in severalty, in pursuance of such treaty stipulations, the agent and superintendent of such tribe shall take such measures, not inconsistent with law, as may be necessary to protect such Indian in the quiet enjoyment of the lands so allotted to him. R.S. 2119.'
 
 
 22
 imposes no duty upon the United States to litigate the cases arising out of the dealings of emancipated Indians with fee lands, and, secondly, because in any event, the duty to sue could never be anything but a discretionary duty to which the Federal Tort Claims Act does not apply. The issue underlying this assignment of error is well stated by Appellant: Does 25 U.S.C. 185 impose a mandatory duty on the United States to litigate cases arising out of the dealings of emancipated Indians with fee lands, the breach of which is actionable under the Federal Tort Claims Act?
 
 
 23
 Standing against the contentions of Appellant on this issue is the logic and the weight of authority in support of the proposition adopted by the trial court, namely, that issuance of the fee patent freed the United States from its duties and obligations to the Indians with respect to the lands it theretofore held in trust and defined the new status of those Indians in their relation to the State. See Montana Power Company v. Rochester, 127 F.2d 189, 192 (9th Cir., 1942). We concur in the ruling of the trial court.
 
 
 24
 Appellant does not separately assign as error the holding of the District Court that Appellees under the instant circumstances have acquired title as against Appellant to the subject land by adverse possession. Instead, Appellant's arguments on the question of adverse possession are stated in support of reasons advanced against the applicability of the Montana Statutes of Limitation. Indeed, Appellant's position with respect to adverse possession necessarily and in fact raises the same fundamental questions raised by her position on the applicability of the Montana Statutes of Limitation, to wit: Does federal law in these circumstances prohibit the acquisition of fee patent Indian land by adverse possession? We hold that it does not. 25 U.S.C. 349 not only authorizes but requires the application of Montana law in the instant circumstances and, therefore, the issues relative to adverse possession are resolved accordingly.
 
 
 25
 Finally, Appellees appeal from the ruling that the deed of October 6, 1955 was void as in violation of Section 2 of the Crow Act of 1920.
 
 
 26
 The District Court held that pursuant to Section 2 of the Crow Act of 1920, Antler Land Company on October 6, 1955, already in possession of Crow land in excess of 1,920 acres, was ineligible to take the 1,040 acres which was the subject of the warranty deed herein. We note that the District Court in its Opinion and Order expressly declined to decide whether an Indian who sold to a buyer ineligible to take land by reason of Section 2 of the Crow Act may bring an action to recover the land. Having otherwise disposed of the case on appeal, we, too, decline to needlessly pass on such issue.
 
 
 27
 The judgment of the trial court is affirmed.
 
 
 
 *
 The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation
 
 
 [1]
 R.C.M. 93-2504 No action for the recovery of real property, or for the possession thereof, can be maintained, unless it appears that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question within five years before the commencement of the action
 R.C.M. 93-2607 provides for a two-year limitation period.
 Subsection (4): An action for relief on the ground of fraud or mistake, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.