**COOL FUEL, INCORPORATED, Plaintiff/Appellant,**

v.

**William H. CONNETT, etc., et al., Defendants/Appellees.**

No. 80–5705.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1981.

Decided Aug. 24, 1982.

Charles Griffin Cale, Morgan, Lewis & Bockuis, Los Angeles, Cal., for plaintiff/appellant.

Kenneth L. Greene, Washington, D. C., argued for defendants/appellees; John F.

Murray, Acting Asst. Atty. Gen., Washington, D. C., on brief.

Before BROWNING, Chief Judge, FERGUSON, Circuit Judge, and THOMPSON,* District Judge.

BRUCE R. THOMPSON, Senior District Judge:

Cool Fuel, Incorporated appeals from the district court's dismissal of its complaint to enjoin the Internal Revenue Service from collecting an assessed deficiency. We affirm.

Cool Fuel was audited by the IRS for its tax year ending April 30, 1974. Normally, the IRS must assess a tax deficiency within three years, but Cool Fuel had executed an agreement with the IRS extending the period during which the deficiency could be assessed. Pursuant to this waiver, the IRS had until December 31, 1978 to assess the deficiency.

On December 28, 1978, the IRS issued a notice of deficiency to Cool Fuel. The notice was mailed to the San Diego address used by Cool Fuel on the audited tax return. In 1977, however, Cool Fuel had relocated to Paramount, California. Consequently, the notice of deficiency was not received and was returned to the IRS marked: "Return to Sender. Not Deliverable as Addressed. Unable to Forward."

Cool Fuel did not obtain information regarding the deficiency until August 3, 1979, when it received a letter from the IRS at the Paramount address seeking payment of the deficiency. Cool Fuel did not receive a copy of the original deficiency notice until December 5, 1979.

On February 29, 1980, Cool Fuel filed suit in the District Court for the Central District of California seeking to enjoin the IRS from collecting the deficiency. Cool Fuel argued that because the notice procedures

had not been followed, injunctive relief was appropriate. The court, however, found that the IRS had complied with the notice procedures and dismissed the complaint. Cool Fuel appeals from the dismissal. On March 7, 1980, Cool Fuel also filed a petition for redetermination in the Tax Court. The disposition of the petition has been stayed until the outcome of the district court action.

SUA SPONTE ACTION BY DISTRICT COURT

Cool Fuel served and filed a motion for summary judgment. The IRS made no motion, except a possible oral motion during argument. In this circuit oral motions for summary judgment are not authorized or recognized. *Sequoia Union High School District v. United States*, 245 F.2d 227 (9th Cir. 1957). It is, nevertheless, true that the overwhelming weight of authority supports the conclusion that if one party moves for summary judgment and, at the hearing, it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, the court may *sua sponte* grant summary judgment to the non-moving party. *Hood River County v. U. S. Dept. of Labor*, 532 F.2d 1236 (9th Cir. 1976); *Dillon v. Antler Land Company of Wyola*, 507 F.2d 940 (9th Cir. 1974); *United States v. Fisher-Otis Company, Inc.*, 496 F.2d 1146 (10th Cir. 1974); *Local 33, Int. Hod Carriers, etc. v. Mason Tenders, etc.*, 291 F.2d 496 (2d Cir. 1961); *Case v. International Brotherhood of Electrical Workers*, 438 F.Supp. 856 (D.Alaska, 1977), *aff'd sub nom. Stelling v. International Brotherhood of Electrical Workers*, 587 F.2d 1379 (9th Cir. 1978); 6 Moore's Federal Practice, § 56.12, n. 6 (citing cases); Wright and Miller, Federal Practice and Procedure, § 2720, pp. 467–468, n. 95 (citing cases).

---

* Honorable Bruce R. Thompson, Senior United States District Judge, District of Nevada, sitting by designation.

■ It is, of course, essential that the appellate court carefully review the record and determine that the moving party against whom summary judgment was rendered had a full and fair opportunity to ventilate the issues involved in the motion. *Fountain v. Filson*, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971 (1949), is the keystone case. There the court declined to pass on the propriety of a summary judgment for a non-moving party, but held it error to grant such a judgment if the victim had been deprived "of an opportunity to dispute the facts material to that claim." *Id.* at 683, 69 S.Ct. at 755. In *Portland Retail, etc. v. Kaiser Foundation, etc.*, 662 F.2d 641, 645 (9th Cir. 1981), we observed: "In evaluating the adequacy of notice, this circuit has determined from the record whether the party against whom summary judgment was entered was fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment." In the instant case, the parties had every opportunity to explore and expound the issues inherent in the prayer for equitable relief and did so to the extent they deemed advisable. There is no predicate in the record for Cool Fuel's claim of unfairness.

TAX ASSESSMENT PROCEDURE

Congress has established procedures by which the IRS may adjust or correct the tax liability reported by the taxpayer. An assessment of additional tax must be made within three years after the return is filed, or within the extended period if the taxpayer has executed a waiver. 26 U.S.C. § 6501. If the IRS determines that there is a deficiency, it must give notice before initiating collection proceedings. 26 U.S.C. § 6213(a). The taxpayer may, within 90 days after the mailing of notice, petition the Tax Court for redetermination of the deficiency. 26 U.S.C. § 6213(a). During the running of the 90-day period, and if a petition for redetermination has been filed until the final decision of the Tax Court, no assessment, levy, or court proceeding for collection of the deficiency may be made or brought, 26 U.S.C. § 6213(a), and the run-

ning of the period of limitations is suspended. 26 U.S.C. § 6503(a)(1).

■ To effectuate notice of the deficiency, the IRS must send notice of such deficiency to the taxpayer by certified or registered mail. 26 U.S.C. § 6212(a). While the purpose of this requirement is to provide the taxpayer with actual notice, the notice of deficiency will be sufficient if mailed to the taxpayer's "last known address." *Clodfelter v. Commissioner*, 527 F.2d 754, at 756 (9th Cir. 1975); 26 U.S.C. 6212(b).

■ In the present case, the IRS mailed the notice of deficiency to Cool Fuel at its San Diego address. This was the address Cool Fuel had used on the tax return being audited. This address, however, is not necessarily the last known address of the taxpayer. *Welch v. Schweitzer*, 106 F.2d 885 (9th Cir. 1939). It is a question of fact as to what knowledge the IRS acquires concerning the taxpayer's address. *Maxfield v. Commissioner*, 153 F.2d 325, 327 (9th Cir. 1946).

■ In October 1977, Cool Fuel began using the Paramount address on its quarterly employment tax returns. These subsequently filed tax returns provided the IRS with notice of Cool Fuel's move. *Maxfield v. Commissioner*, 153 F.2d at 327; *Welch v. Schweitzer*, 106 F.2d at 887. This is evidenced by the IRS's use of preprinted labels with the Paramount address on not only employment tax returns, but also on a corporate income tax return. Thus, the IRS cannot argue that the use of the Paramount address on the subsequent tax returns did not provide adequate notice of the change in address.

Nonetheless, the IRS contends that the subsequent returns provided the IRS Service Center with knowledge of the new address but not the audit division. The IRS argues that the knowledge of the Service Center is not attributable to the audit division. *Wagner v. United States*, 473 F.Supp. 276 (E.D.Penn.1979). In *Welch v. Schweitzer*, however, this court stated: "The application of ordinary business principles to the

tax business of the government would seem to require the Commissioner to avail himself of the facilities of his business organization in the performance of his duty to mail the notice of deficiency." 106 F.2d at 877. This is particularly so where, as here, return of the notice of deficiency as undeliverable put the IRS on notice that Cool Fuel had moved. In light of this, the audit division had a duty to exercise reasonable diligence in ascertaining the correct address. *Crum v. Commissioner*, 635 F.2d 895 (D.C.Cir.1980). Had the audit division done so, it would have realized that the Paramount address was the last known address and could have effectuated notice. Failure of the IRS to do this is a violation of the statutory notice procedure.

EQUITABLE RELIEF

█ Cool Fuel contends that all that need be shown to justify injunctive relief under 26 U.S.C. § 6213 is that an assessment has been made prior to a valid notice of deficiency. We disagree. Injunctive relief against the IRS is generally prohibited by the Anti-Injunction Act. 26 U.S.C. § 7421(a). Although Congress has recognized exceptions to the Anti-Injunction Act (in this case the exception carved out by § 6213 where statutory notice procedures have not been followed), neither the statute nor the legislative history says anything to support a contention that the usual equitable prerequisites to injunctive relief should not be required. In some reported cases injunctive relief has been granted without discussing the need to show irreparable injury and lack of an adequate legal remedy, for examples: *Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976); *Granquist v. Hackelman*, 264 F.2d 9 (9th Cir. 1959); *Austin v. Voskuil*, 493 F.Supp. 780 (E.D.Mo.1980). Other precedents have discussed the issue and have found proof of irreparable injury and absence of an adequate legal remedy to be unnecessary, for examples: *L.O.C. Industries, Inc. v. United States*, 423 F.Supp. 265, 274 (M.D.Tenn.1976); *Gunn v. Mathis*, 157 F.Supp. 169, 178, n. 4 (W.D.Ark.1958); *contra, Hogan v. United States*, 32 A.F.T.R.2d 73–5507 (E.D.Mich.1973).

Notably, section 6213(a) speaks permissively: "Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force *may be enjoined* by a proceeding in the proper court." (Emphasis supplied). And congressional history is barren of indicated intent to abandon historical principles of equity jurisprudence which required establishment of no adequate remedy by the ordinary processes of law, or that enforcement would lead to a multiplicity of suits, or that irreparable injury would result. *Bob Jones University v. Simon*, 416 U.S. 725, 742, n. 16, 94 S.Ct. 2038, 2049, n. 16, 40 L.Ed.2d 496 (1974); *Dows v. City of Chicago*, 78 U.S. (11 Wall.) 108, 110, 20 L.Ed. 65 (1870).

No extensive citation of authority is desirable inasmuch as the Supreme Court in a current case, *Weinberger v. Romero-Barcelo*, —— U.S. ——, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982), has thoroughly reviewed the authorities concerning whether an act of Congress withholds normal equitable concerns as a predicate to injunctive relief. In that case the district court had, on equitable grounds, refused an injunction in enforcement of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. The Court of Appeals for the First Circuit held that the Act withdrew the court's equitable discretion. *Romero-Barcelo v. Brown*, 643 F.2d 835 (1st Cir. 1981). The Supreme Court reversed, and held that a major departure from the long tradition of equity practice should not be lightly implied, citing *Hecht Co. v. Bowles*, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 (1944). Excerpts from the opinion quoted in the margin impel the conclusion that section 6213 does not abolish equitable tenets to support injunctive relief in a case like ours.[1]

---

1. *Weinberger v. Romero-Barcelo*, —— U.S. ——, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982), reads in part:

It goes without saying that an injunction is an equitable remedy. It "is not a remedy which issues as of course," *Harrisonville v.*

Since the Supreme Court decision in *Bailey v. George*, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816 (1922), it has been established law that payment of the tax followed by a suit for refund constitutes an adequate remedy at law.

■ In the present case, an affidavit of Tays D. Cool president of plaintiff corporation, in support of the motion for preliminary injunction, averred as follows:

> 2. Notwithstanding Cool Fuel's ability to pay the alleged tax deficiency relating to its taxable year ending April 30, 1974, the very fact of the assessment, as well as the possibility of collection thereof by a levy or the imposition of a lien on Cool Fuel's assets would have a deleterious effect on its business operations and credit rating. In that regard, the showing of such assessment on the financial statement of Cool Fuel acts to the direct detriment of Cool Fuel. Similarly, the mere imposition of a lien would create difficulties in obtaining credit in an already tight and expensive credit market.

*U.S. Dickey Clay Mfg. Co.*, 289 U.S. 334, 338 [53 S.Ct. 602, 603, 77 L.Ed. 1208] (1933), or "to restrain an act the injurious consequences of which are merely trifling." *Consolidated Canal Co. v. Mesa Canal Co.*, 177 U.S. 296, 302 [20 S.Ct. 628, 630, 44 L.Ed. 777] (1900). An injunction should issue only where the intervention of a court of equity "is essential in order effectually to protect property rights against injuries otherwise irremediable." *Cavanaugh v. Looney*, 248 U.S. 453, 456 [39 S.Ct. 142, 143, 63 L.Ed. 354] (1919). The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies. *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 61 [95 S.Ct. 2069, 2077, 45 L.Ed.2d 12] (1975); *Sampson v. Murray*, 415 U.S. 61, 88 [94 S.Ct. 937, 951, 39 L.Ed.2d 166] (1974); *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 506–507 [79 S.Ct. 948, 954–955, 3 L.Ed.2d 988] (1959); *Hecht Co. v. Bowles*, 321 U.S. 321, 329 [64 S.Ct. 587, 591, 88 L.Ed. 754] (1944).
*Id.* at ——, 102 S.Ct. at 1802–1803.
The grant of jurisdiction to insure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law. *TVA v. Hill*, 437 U.S. 153, 193 [98 S.Ct. 2279, 2301, 57 L.Ed.2d 117] (1978); *Hecht Co. v.*

This affidavit effectively precludes equitable relief under the *Bailey v. George* doctrine.

On appeal, Cool Fuel argues that it had no fair opportunity in the district court to expand upon the equitable aspects of the case and that the most an appellate court can do is remand for a trial seeking permanent injunctive relief. We think the record belies this contention. In paragraph XIV of the first amended complaint, plaintiff, in very plain language, alleged that it had no adequate remedy at law and denial of injunctive relief would cause it immediate, irreparable injury. The affidavit of its president, *supra*, speaks to the same subject. The United States contended to the contrary, although for different reasons. It appears that Cool Fuel presented to the district court all that it deemed material to the equitable issues inherent in its application for injunctive relief.

Cool Fuel sought only equitable relief. The record as a whole establishes without dispute that the action lacks equity.

*Bowles, supra*, [321 U.S.] at 329 [64 S.Ct. at 591].
These commonplace considerations applicable to cases in which injunctions are sought in the federal courts reflect a "practice with a background of several hundred years of history," *Hecht Co. v. Bowles, supra*, at 329 [64 S.Ct. at 591], a practice of which Congress is assuredly well aware. Of course, Congress may intervene and guide or control the exercise of the courts' discretion, but we do not lightly assume that Congress has intended to depart from established principles. *Hecht Co. v. Bowles, supra*, at 329 [64 S.Ct. at 591]. As the Court said in *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 [66 S.Ct. 1086, 1089, 90 L.Ed. 1332] (1946):
"Moreover, the comprehensiveness of this equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.' *Brown v. Swann*, 10 Pet. 497, 503 [9 L.Ed. 508] ..."
*Id.* at ——, 102 S.Ct. at 1803.

Accordingly, the judgment on appeal is affirmed.