945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rita BURROWS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-16245.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rita Burrows appeals the district court's grant of summary judgment in her action against the United States in which she sought to quiet title to property seized by the Internal Revenue Service ("IRS"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 In her complaint, Burrows alleged that the IRS's lien against her property was invalid because the IRS failed to send her a notice of deficiency as is required by 26 U.S.C. § 6212(a). The district court found that this issue had been previously litigated and decided against Burrows in tax court. Accordingly, the district court granted the United States' motion for summary judgment on collateral estoppel grounds.
 
 
 4
 We review de novo the district court's determination that an issue is subject to the doctrine of collateral estoppel. See Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988). If collateral estoppel is "available, the actual decision to apply it is left to the district court's discretion." Id. (quotations omitted).
 
 
 5
 The doctrine of collateral estoppel (issue preclusion) "provides that 'once an issue is actually litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation.' " Peck v. Commissioner, 904 F.2d 525, 527 (9th Cir.1990) (quoting United States v. ITT Rayonier, Inc., 627 F.2d 996, 1000 (9th Cir.1980)). " '[W]here a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different.' " Id. (quoting Commissioner v. Sunnen, 333 U.S. 591, 601 (1948)).
 
 
 6
 Here, the tax court dismissed Burrows's petition for lack of jurisdiction finding that the petition was untimely because it was filed more than 90 days from the date on which the IRS mailed her the notice of deficiency.[1] The tax court found that the IRS properly sent Burrows a notice of deficiency by certified mail on April 15, 1988 and that she had not filed her petition in tax court until July 20, 1989--more than 15 months after the IRS mailed the notice of deficiency. In her objection to the IRS's motion to dismiss for lack of jurisdiction, Burrows argued that no notice of deficiency was ever sent or received and that she only learned of the notice when the IRS sent her a copy of it on March 6, 1989. In dismissing her petition, the tax court observed that the IRS had attached a copy of the certified mail list showing that the notice of deficiency was sent on April 15, 1988 and stated that
 
 
 7
 [t]here is nothing in the record to indicate that the notice of deficiency was not mailed to petitioner [Burrows] in accordance with the applicable provisions of the Internal Revenue Code. The fact that one of the respondent's agents subsequently sent petitioner a copy of the notice of deficiency is of no consequence to this Court's jurisdiction.
 
 
 8
 Burrows did not appeal the tax court's decision.
 
 
 9
 Because Burrows argued that no notice was ever sent and because the tax court's ruling against Burrows on this issue was necessary to its determination that Burrows's petition to the tax court was untimely, the district court correctly found that the issue of whether the IRS properly sent Burrows a notice of deficiency was actually litigated and necessarily determined by the tax court. See Peck, 904 F.2d at 527. Accordingly, the district court did not err in granting the United States' motion for summary judgment on collateral estoppel grounds.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The tax court's jurisdiction may be invoked only after the IRS has assessed a tax deficiency against the taxpayer and has sent a notice of the deficiency, "by certified or registered mail" to the taxpayer's "last known address." See 26 U.S.C. § 6212(a) & (b)(1). The taxpayer then has 90 days (or 150 days if the taxpayer's address is outside the United States) in which to petition the tax court for redetermination of the amount assessed. See 26 U.S.C. § 6213
 While the purpose of section 6213 is to give the taxpayer actual notice, notice is sufficient if it is properly sent, even if it does not reach the taxpayer. See Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982). Generally, during this period, the IRS may not pursue any collection activities against the taxpayer or the taxpayer's property. See 26 U.S.C. § 6213. If, after a proper notice of deficiency, the taxpayer fails to petition the tax court within the 90-day period, any subsequent petition will be untimely and will not serve as a basis for jurisdiction in tax court.