59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael Eric GONZALES, Plaintiff-Appellee,
v.
James H. GOMEZ; Brenton Textor; Kenneth S. Shephard, M.D.,
Defendants-Appellants,
and
James ROWLAND, Director, Defendant.
Michael Eric GONZALEZ, Plaintiff-Appellant,
v.
James R. ROWLAND, Director of the California Department of
Corrections; James Gomez, Director of the California
Department of Corrections; Kenneth Shephard, M.D., Chief
Medical Officer; Steve Cambra; Jack Williams; Brenton A.
Textor, Defendants-Appellees.
 Nos. 92-16238, 92-16682.*
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1995.
Decided June 26, 1995.
 
 Before: SCHROEDER, BEEZER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Eric Gonzales sued prison officials under 28 U.S.C. Sec. 1983 seeking injunctive relief and damages for deliberate indifference to his medical needs. The district court granted a preliminary injunction which required physical therapy for Gonzales, and eventually entered summary judgment in his favor for nominal damages of one dollar. The defendants appeal the award of nominal damages. Gonzales appeals the district court's summary judgment and its failure to award him actual damages. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 THE DEFENDANTS' APPEAL
 
 3
 Magistrate Judge Woelflen, who conducted the first evidentiary hearing in this case, found that Gonzales "is in need of supervised physical therapy, of which the defendants' failure to provide may result in a future finding of deliberate indifference." Magistrate Judge Woelflen made this finding after listening to the evidence presented by experts for Gonzales and the defendants. The district court adopted this finding and ordered the defendants on March 6, 1991 to provide Gonzales with physical therapy. The defendants did not provide the ordered treatment until after they were found in contempt on August 23, 1991.
 
 
 4
 Prison officials are deliberately indifferent to a prisoner's serious medical needs when they delay treatment. Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992) (quoting Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989)). Here, the defendants were deliberately indifferent to Gonzales's medical needs when they failed for five months to comply with the court's order for medical treatment. The award of nominal damages to Gonzales was therefore appropriate. Carey v. Piphus, 435 U.S. 247, 266 (1978) (finding of rights deprivation supports the award of nominal damages).
 
 
 5
 The defendants seem to appeal the district court's award of four additional sessions of supervised physical therapy. These sessions have been completed. There is no longer a live controversy as to this issue; therefore, the defendants' challenge to the award of four additional sessions of physical therapy is moot.
 
 GONZALES'S APPEAL
 
 6
 Gonzales appeals the district court's summary judgment, contending the court deprived him of his Seventh Amendment right to have a jury determine what he asserts are genuine issues of material fact.
 
 
 7
 A district court may grant summary judgment sua sponte
 
 
 8
 Only when 1) no material dispute of fact exists, and 2) the losing party has had an adequate opportunity to address the issues involved, including adequate time to develop any facts necessary to oppose summary judgment.
 
 
 9
 Fuller v. City of Oakland, 47 F.3d 1522, 1533, amended, F.3d , 1995 WL 234986 (9th Cir. 1995) (citing Cool Fuel, Inc. v. Connett, 685 F.2d 309, 311-12 (9th Cir. 1982)). Both of the Fuller factors are present in this case. There is no dispute of a material fact, and the three-day hearing in front of the magistrate judge acting as special master, at which Gonzales was represented by counsel, was adequate for Gonzales to address and develop the issues.
 
 CONCLUSION
 
 10
 We affirm the district court's judgment of nominal damages in favor of Gonzales. The parties shall bear their own costs and attorney fees for this appeal.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3