FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS PAUL,

Plaintiff - Appellant,

v.

CITY OF SUNNYSIDE, et al.,

Defendants - Appellees.

No. 09-36043

D.C. No. 2:08-CV-05039-LRS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Argued and Submitted November 5, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District
Judge.[**]

Thomas Paul appeals from the district court's order granting summary

judgment for Defendants City of Sunnyside, et al., in his 42 U.S.C. § 1983 action.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

grant of summary judgment. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). We affirm.

Although the district court may have erred in relying on some theories that it raised sua sponte in its ruling, it also relied on the grounds raised by Defendants, which were well taken. Defendants asserted that Paul's substantive due process claims failed because he did not proffer evidence of clearly arbitrary and unreasonable conduct. They maintained that Paul's equal protection claim failed because there was no evidence that he was treated differently from other contractors in Sunnyside. As for Paul's conspiracy claim, Defendants argued that there was no evidence that Stockwell, Kunkler or Storms agreed to violate Paul's civil rights. Finally, with regard to Paul's retaliation claim, Defendants asserted that Kunkler had prosecutorial immunity and probable cause to charge Paul with misdemeanors. These arguments gave Paul adequate notice of the grounds that justify summary judgment, and we conclude that he has had a "full and fair opportunity to ventilate" those issues. Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982).

With respect to his substantive due process claim for the revocation of his conditional use permit, Paul did not tender any evidence to suggest that the individual Defendants' conduct would shock the conscience of a reasonable trier of

fact.  See Tennison v. City & County of S.F., 570 F.3d 1078, 1089 (9th Cir. 2009).

Consequently, summary judgment in favor of these Defendants is appropriate on

this claim.

Summary judgment also is warranted on Paul's substantive due process

claim against Defendants Stockwell and Kunkler for their purported decisions not

to overrule Storms.  The record lacks any evidence to suggest that their decisions

would shock the conscience.  In addition, even if proved, their decisions would not

have violated Paul's due process liberty interest in pursuing his occupation.  See

Conn v. Gabbert, 526 U.S. 286, 291 (1999).  Cases involving a violation of this

interest "have 'dealt with a complete prohibition on the right to engage in a calling,

and not a sort of brief interruption.'"  Guzman v. Shewry, 552 F.3d 941, 954 (9th

Cir. 2009) (quoting Conn, 526 U.S. at 292) (emphasis in original and brackets

omitted).  Thus, even if Paul were prohibited from working in Sunnyside as a

building contractor, there is no evidence that Stockwell's and Kunkler's alleged

decisions precluded him from working as such elsewhere.  See, e.g., Llamas v.

Butte Cmty. College Dist., 238 F.3d 1123, 1128 (9th Cir. 2001); Wedges/Ledges

of Cal., Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 65 (9th Cir. 1994).

Summary judgment in favor of Stockwell and Kunkler also is justified on

Paul's equal protection claim against them.  Although a plaintiff may bring such a

claim as a "class of one," there must be evidence that a public official intentionally treated the plaintiff differently from others similarly situated. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Here, the record does not show that AHO Construction was a similarly situated building contractor or that Stockwell and Kunkler intentionally subjected Paul to irrational, disparate treatment. Because there is no evidence that Stockwell, Kunkler or Storms violated Paul's civil rights, summary judgment is also appropriate on his related claim that they conspired to do so.

Kunkler filed misdemeanor charges against Paul in his role as city attorney and, therefore, had absolute prosecutorial immunity from liability on Paul's claim for First Amendment retaliation. See Milstein v. Cooley, 257 F.3d 1004, 1007-08 (9th Cir. 2001). Paul argues that Kunkler was not immune because he acted as a complaining witness. There is no factual basis for this argument. Kunkler filed a "Narrative," which stated the nature of the charges against Paul. Kunkler did not sign the document under penalty of perjury or make any other affirmation as to the truth of its allegations. Thus, his filing of the Narrative is analogous to the filing of an information, for which prosecuting attorneys have absolute immunity. Kalina v. Fletcher, 522 U.S. 118, 129 (1997).

Even if Kunkler were not immune, Paul's retaliation claim against him fails on the merits. There is no evidence that Kunkler had retaliatory intent and, even if he did, that it was the but-for cause for his decision to charge Paul with misdemeanors. See Hartman v. Moore, 547 U.S. 250, 256 (2006); Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900-01 (9th Cir. 2008). Kunkler had probable cause to charge Paul. For this reason, as well as his prosecutorial immunity, Kunkler is entitled to summary judgment on Paul's First Amendment retaliation claim.

Because the record does not support a finding that Paul suffered a constitutional injury, the City is entitled to summary judgment on the claims against it under Monell v. Department of Social Services, 436 U.S. 658 (1978). McSherry v. City of Long Beach, 584 F.3d 1129, 1147 (9th Cir. 2009).

Finally, we conclude that the district court did not abuse its discretion by denying Paul a continuance pursuant to Federal Rule of Civil Procedure 56(f). In his affidavit, Paul's counsel did not establish that the sought-after facts existed, nor did he demonstrate how they were essential to opposing summary judgment. Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

**AFFIRMED.**