NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERIDIAN TEXTILES, INC., a California Corporation,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; et al.,<br><br>       Defendants - Appellees. | No. 12-57190<br><br>D.C. No. 2:11-cv-08351-RGK-AGR<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 8, 2015
Pasadena, California

Before: BEA and FRIEDLAND, Circuit Judges and RICE,** District Judge.

Appellant Meridian Textiles, Inc. appeals from the district court's *sua sponte* entry of summary judgment in favor of Appellees. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    ** The Honorable Thomas O. Rice, United States District Judge for the Eastern District of Washington, sitting by designation.

The district court held that Meridian's copyright in its zebra design, registration number S1479, was invalid because the only differences between Meridian's design and prior art zebra stripe designs were "in the thickness of the lines and orientation of the pattern." But there is no evidence that Meridian copied its zebra design from prior art, and the district court may not say as a matter of law that "the differences in the placement of geometric shapes should be regarded as trivial." *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1035 (9th Cir. 1992). The district court therefore erred in holding the copyright to the zebra design invalid. *See id.* at 1033 ("All that is needed to satisfy both the Constitution and the statute is that the author contributed something more than a merely trivial variation, something recognizably his own." (citation and internal quotation marks omitted)). We decline to affirm the district court on the alternative ground that there is no substantial similarity between Meridian's zebra design and Appellee's zebra design. Reasonable jurors could differ on whether the designs are substantially similar to each other. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

The district court held that Meridian has a valid copyright in its animal print design, registration number I03879, but entered summary judgment *sua sponte* for

Appellees on infringement because the district court did not find substantial similarities in protectable elements between Meridian's design and Appellees' design. But there are objective similarities between the two designs such that, drawing all inferences in Meridian's favor, a rational jury could find that Appellees' design is substantially similar to Meridian's. Because reasonable jurors could differ on the issue of substantial similarity, summary judgment was improper. *Id.*[1]

The district court held that Meridian has a valid copyright in its burnout and lace designs,[2] registration numbers I03703 and S2088, but entered summary judgment *sua sponte* for Appellees on infringement because the district court did

---

[1] To the extent Appellees ask us to hold that Meridian's animal print design is not entitled to copyright protection because it was copied from another source, that argument was not raised before the district court and is waived on appeal. *United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005). Nor did Appellees otherwise offer sufficient evidence in the district court to rebut the presumption that Meridian's animal print design copyright is valid. *N. Coast*, 972 F.2d at 1033.

[2] To the extent Appellees ask us to hold that Meridian's lace design is not entitled to copyright protection because of inaccuracies in the copyright registration, that argument was not raised before the district court and is waived on appeal. *Flores-Montano*, 424 F.3d at 1047. Appellees did not offer sufficient evidence in the district court to rebut the presumption that Meridian's lace design and burnout design copyrights are valid. *N. Coast*, 972 F.2d at 1033.

not find substantial similarities between Meridian's and Appellees' designs. The district court did not provide notice to Meridian that it was considering entering summary judgment *sua sponte* for Appellees, and in its ruling, the court considered only properly authenticated photographs submitted by Meridian and did not provide Meridian an opportunity to authenticate its other proposed exhibits, including physical exhibits. This was error. *See* Fed. R. Civ. P. 56(f); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982) (holding that *sua sponte* summary judgment is permissible only if "it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case").

For the foregoing reasons, the district court's *sua sponte* grant of summary judgment to Appellees is **REVERSED**.[3]

---

[3] Meridian's opposed motion to transmit physical exhibits to this court under Circuit Rule 27-14 is **DENIED**.