**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISP ENTERPRISES INC., A California Corporation doing business as C2 Reprographics, | No. 16-55657 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-02011-JVS-KES |
| v. | MEMORANDUM[*] |
| GOLDEN EAGLE INSURANCE COMPANY, A Massachusetts Corporation; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and submitted October 5, 2017
Pasadena, California

Before: MOTZ,[**] M. SMITH, and NGUYEN, Circuit Judges.

Appellant Crisp Enterprises ("C2") appeals the district court's denial of its

motion for partial summary judgment and *sua sponte* grant of summary judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Diana Gribbon Motz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

1

to Appellee Golden Eagle Insurance Company ("Golden Eagle"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's summary judgment ruling de novo. *Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 970 (9th Cir. 1994). We affirm.

1.      In *Hartford Casualty Insurance Co. v. Swift Distribution, Inc.*, the California Supreme Court held that to trigger the duty to defend for disparagement, a declaratory plaintiff must be able to point to "a false or misleading statement that (1) specifically refers to the [underlying] plaintiff's product or business and (2) clearly derogates that product or business," and that "[e]ach requirement must be satisfied by express mention or by clear implication." 326 P.3d 253, 256 (Cal. 2014).

We find no facts in the materials C2 provided to Golden Eagle—including the underlying complaint, excerpts of deposition testimony, and client letter—that could meet *Swift*'s specificity requirements. Therefore, the district court correctly found that there was no "potential for coverage" that could trigger Golden Eagle's duty to defend C2 in the underlying suit. *See Swift*, 326 P.3d at 258 (quoting *Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1161 (Cal. 1993)) (emphasis omitted); *id.* at 264, 266 (holding allegations in underlying suit that insured's product name created customer confusion with the underlying plaintiff's

product and that insured's advertisements implied the inferiority of the underlying plaintiff "[in]sufficient to support a possible claim of disparagement").

2.    C2's contention that Golden Eagle's duty to defend was triggered by a potential claim for defamation fails for the same reason as its disparagement claim: there are no facts in the materials C2 provided to Golden Eagle alleging that C2 made a false or injurious statement.  *See Microtec*, 40 F.3d at 972; *cf. Barnett v. Fireman's Fund Ins. Co.*, 108 Cal. Rptr. 2d 657, 663 (Cal. Ct. App. 2001) (defamation coverage where "[t]he complaints in the underlying action alleged appellants told third persons that [plaintiff's] methods of doing business were flawed and would result in its failure and made other representations that disparaged and damaged [plaintiffs]").

3.    The *sua sponte* grant of summary judgment was proper.  C2 "had a 'full and fair opportunity to ventilate the issues involved in th[is] matter,'" *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982), and was "given reasonable notice that the sufficiency of [its] claim [would] be in issue," *Nozzi v. Hous. Auth. of Los Angeles*, 806 F.3d 1178, 1199 (9th Cir. 2015) (internal quotation marks omitted).

AFFIRMED.