**Lyman H. SANBORN; et al.,**
**Plaintiffs—Appellants,**

v.

**PLACER COUNTY; et al.,**
**Defendants—Appellees.**

**No. 02–16371.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Oct. 31, 2003.

William G. Panzer, Esq., Dennis Roberts, Attorney at Law, Oakland, CA, Kate Wells, Esq., Santa Cruz, CA, for Plaintiffs–Appellants.

David Kenneth Huskey, Placer County Counsel, Auburn, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Plaintiffs Lyman and Grace Sanborn appeal from the district court's grant of summary judgment in favor of defendants. The facts and prior proceedings are known to the parties, and are restated here only as needed.

### I

■ The Sanborns first contend that the district court abused its discretion when it denied their motion for a continuance under Fed.R.Civ.P. 56(f). A party seeking a continuance in order to pursue further discovery must "proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996). Here, the Sanborns' motion did little more than state their need for additional information and append pleadings from cases allegedly involving similar conduct by officers. The motion did not point to any specific information that would be revealed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

by further discovery, nor did it explain how any such evidence would counter defendants' summary judgment motion. We therefore conclude that the district court did not abuse its discretion in denying the Sanborns' Rule 56(f) motion.

## II

■ The Sanborns next argue that the district court erred when it granted defendants' summary judgment motion in the absence of a response from them. But the Sanborns' failure to file a response must be deemed a tactical choice that does not warrant reversing summary judgment. Instead of filing an opposition to defendants' motion, the Sanborns chose to move for a continuance under Rule 56(f). Yet the pendency of this motion did not affect their obligation to prepare a formal opposition to summary judgment, particularly because the Sanborns could not be certain that the district court would grant their continuance motion. Moreover, once the continuance motion was denied, the Sanborns chose to move for reconsideration of the continuance motion rather than to oppose defendants' summary judgment motion which, of course, remained pending before the district court.

The Sanborns had clear notice of defendants' pending summary judgment motion and an adequate opportunity to respond. *See Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir.1981). Well-aware of the defendants' evidence in support of summary judgment, the Sanborns opted to move for a continuance, and, when it was denied, to seek reconsideration of the denial, rather than file an opposition to summary judgment. Because the Sanborns had "a full and fair opportunity to ventilate the issues involved in the [summary judgment] motion," *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982), we conclude that

the district court did not err when it granted summary judgment for the defendants in the absence of a formal opposition by the Sanborns.

## III

■ The Sanborns next contend that genuine issues of material fact exist that preclude summary judgment. Defendants' evidence in support of summary judgment shifted the burden to the Sanborns to demonstrate the existence of genuine issues of material fact. Once the burden shifts, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Here, defendants' summary judgment evidence demonstrated that the Sanborns' Fourth Amendment and state-law intentional tort claims were unsupported. We therefore conclude that the district court did not err when it found that no genuine issues of material fact existed.

## IV

■ Finally, the Sanborns argue that the district court abused its discretion in denying their motion for reconsideration after summary judgment. The Sanborns' motion asked the district court to reconsider both its earlier denial of their continuance motion and the grant of summary judgment. The district court thus appropriately chose to treat the motion under Fed.R.Civ.P. 59. *See Sch. Dist. No. 1J, Multnomah County, Ore. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.1989). The district court properly concluded that reconsideration was inappropriate, because the Sanborns presented no newly discover-

ed evidence; the court had not committed clear error or perpetrated a manifest injustice; and no intervening change in controlling law had occurred. *See Sch. Dist. No. 1J,* 5 F.3d at 1263. We therefore conclude that the district court did not abuse its discretion in denying the Sanborns' post-judgment reconsideration motion.

AFFIRMED.