**In the matter of Nephthalim HAUGHTON, Debtor.**

**Diane L. Jensen, Trustee In Bankruptcy, Plaintiff,**

**v.**

**Donald Sussman, Esq., Defendant.**

**Bankruptcy No. 9:03–BK–16785–ALP. Adversary No. 04–00017.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

June 9, 2004.

Leonard L. Liszewski, Ft. Myers, FL, for Debtor.

Diane L. Jensen, Fort Myers, FL, pro se.

Dov Sussman, Sussman Law Group, P.A., Fort Myers, FL, for Defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

(Doc. No. 8)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in the above-captioned adversary proceeding is a Motion for Summary Judgment, filed by Diane Jensen, the Chapter 7 Trustee (Trustee) of the estate of Nephthalim Haughton (Debtor). It is a contention of the Trustee that there are no genuine issues of material facts, and that she is entitled to a judgment as a matter of law. In the Complaint filed by the Trustee, she seeks to avoid an alleged preferential transfer pursuant to 11 U.S.C. § 547(b). The Trustee alleges that on July 3, 2003, or within ninety (90) days prior to the commencement of this bankruptcy case, which was filed on August 13, 2003, the Debtor paid the sum of $1,667 to Donald Sussman, Esquire (Defendant). It is the Trustee's contention that as the result of this payment, the Defendant received more then he would have received if the transfers had not been made and such creditor received payment of the debt to the extent provided by the provisions of the Bankruptcy Code under Chapter 7. The Trustee also contends that at the time the payment was made, the Debtor was insolvent.

In due course, the Defendant filed his answer in which he admitted some of the allegations, but also asserted seven affirmative defenses. While none of the affirmative defenses are affirmative defenses in a federal practice, and the defenses do not fall within the definition of that term as defined by F.R.B.P. 7008, and since no motion to strike has been filed, this Court must treat the defenses as a general denial of the Trustee's right to recover the payment as a preferential transfer.

In due course, the Trustee filed a Motion of Summary Judgment. In support of the Motion, the Trustee filed an Affidavit. In paragraph 2, she stated that the Debtor issued a check in the amount of $1,667 payable to the Defendant, on July 3, 2003, which was within 90 days of filing bankruptcy, as payment for an underpaid contingency fee and court costs connected with the litigation in which the Defendant represented the Debtor. From the allegations set forth in the Affidavit, and from the affirmative defenses filed by the Defendant, it appears without dispute that

prior to the commencement of the bankruptcy case, the Defendant represented the Debtor pursuant to a personal injury claim of the Debtor.

On April 10, 2001, the Debtor signed an agreement that authorized the Defendant to represent him, and the Debtor agreed to pay for the services from the total proceeds of any recovery. The contract stipulated that the Debtor would pay the Defendant 40% on any amount up to $1 million if the suit settled after the lawsuit has been filed and answered. The Debtor's claim was settled and the office of the Defendant prepared a final billing that, through an error, computed the contingency fee at 33⅓% rather then the 40% called for by the contract. The settlement was consummated and the insurance company paid the settlement in full. Out of the total recovery, the insurance company paid the Defendant 33⅓% of the settlement amount, ostensibly in full satisfaction of the attorney's fees due to the Defendant. After having discovered the error, the Defendant requested the Debtor pay the sum of $1,667, the difference between the contingency fee computed at 40% and the 33 ⅓% actually paid. It is without dispute that the Debtor did comply, and on July 3, 2003, paid the amount requested to the Defendant.

These are the undisputed facts based on which the Trustee claims that she is entitled to a judgment in her favor as a matter of law.

■ It is well established that it is appropriate to dispose of a suit by summary judgment only if a court is satisfied that there are no genuine issues of material facts, and the moving party is entitled to a judgment as a matter of law. *Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the present instance, there is no serious dispute that the facts recited are considered to be true and not subject to a bona fide dispute. However, before the Trustee can recover, she must also establish, based on those facts, that she is entitled to a judgment in her favor as a matter of law. There is hardly any question that if the payment at issue were made in compliance with the original contingency fee arrangement, prior to the 90 days preceding the bankruptcy case, it would have been immune from any preference attack. This is because the attorney's charging lien represents a valid charge on the proceeds of the Debtor's recovery and is therefore immune from any attack that the payment was a preference. This would be the result even if the payment was made within 90 days prior to the commencement of the case.

■ While federal law controls bankruptcy issues in this case, state law governs the determination of whether a lien has been created in the context of a bankruptcy proceeding. *Grant v. Kaufman, P.A.,* 922 F.2d 742, 744 (11th Cir.1991). Under Florida law, the equitable rights of attorneys to have costs and fees owed for legal services secured by the judgment or recovery in a lawsuit has been recognized for over a century. *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom,* 428 So.2d 1383, 1384 (Fla. 1983). The difficulty in the instant case, however, was caused by the fact that the amount sought to be recovered by the Trustee was paid by the Debtor after the settlement was concluded. Thus, the Trustee contends that payment was not part of the amount, which was subject to the attorney's charging lien. A closer analysis of the surrounding facts leaves no doubt; however, that the sum paid by the Debtor was part of the settlement amount received by the Debtor. The fact that because of a clerical error in the Defendant's office, the Defendant was not properly paid the full amount from the settle-

ment at the time of the closing of the Debtor's case is of no consequence.

For this reason, this Court is satisfied that the amount paid by the Debtor within 90 days of the bankruptcy filing was subject to a charging lien which survived any attack that it was a preference. Therefore, the Defendant did not receive a greater amount than he would have received under 11 U.S.C. § 726 of the bankruptcy code.

Ordinarily, this would conclude the matter, but since both sides agree that there are no genuine issues of material facts, the question remains whether this Court may grant summary judgment to a non-moving party when it denies the summary judgment of a moving party. This question is not readily answerable because, technically, Federal Rules of Civil Procedure 56, as adopted by F.R.B.P. 7056, requires at least 10 days notice to consider a motion for summary judgment. Additionally, Federal Rules of Civil Procedure 56 grants a party opposing the motion for summary judgment the right to file a response and an affidavit in opposition of the motion.

■ Thus, in this case the moving party, whose Motion for Summary Judgment was denied, does not have the benefit of 10 days notice, or the opportunity to serve an opposing affidavit to the non-filed motion of the non-moving party. This issue was considered by the 9th Circuit Court of Appeals in *Cool Fuel, Inc. v. Connett,* 685 F.2d 309 (9th Cir.1982). In *Cool Fuel,* the 9th Circuit noted that while oral motions for summary judgment are not authorized, citing *Sequoia Union High School District v. United States,* 245 F.2d 227 (9th Cir. 1957), the court may *sua sponte* grant summary judgment to the non-moving party. The court held that if one party moves for summary judgment and, at the hearing, there is no genuine issue of material fact, based on all of the files, records,

affidavits and documents, essential to prove the movant's case, and the case cannot be proved if a trial should be held, the court can granted summary judgment. *Cool Fuel, supra; Fair Housing Congress, Tabon v. Weber,* 993 F.Supp. 1286 (C.D.Cal.1997); *Sanborn v. Placer County,* 80 Fed.Appx. 566 (9th Cir.2003).

In sum, this Court is satisfied that Trustee is not entitled to summary judgment for the reasons stated above, and conversely, this Court is equally satisfied that it is appropriate to resolve the issue of the avoidable preference in favor of the Defendant.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion For Summary Judgment (Doc. No. 8) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that summary judgment be, and the same is hereby, granted *sua sponte* to the non-moving Defendant.

A separate final judgment shall be entered in accordance with the foregoing.

### *FINAL JUDGMENT*

THIS CAUSE came on for consideration upon the Court's own Motion for the purpose of entering a Final Judgment in the above-captioned adversary proceeding. The Court has considered the record and finds that this Court has entered an Order on Motion for Summary Judgment. Therefore, it appears appropriate to enter this Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Final Judgment be, and the same is hereby, entered in favor of the Defendant, Donald Sussman, Esq. and against Diane L. Jensen, Trustee in Bank-

ruptcy. The Complaint be, and the same is hereby, dismissed with prejudice.